IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BOBBY MARVIN COLLINS,

                                                            ORDER

                Petitioner,

                                                   07-cv-130-bbc

     v.

WARDEN CAROL HOLINKA,[1]

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Bobby Marvin Collins filed this case in 2007 as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Because it appeared that petitioner was contending that his conviction was illegal, I concluded that the petition should be construed as a motion under 28 U.S.C. § 2255, which must be filed in the court that imposed the sentence, which in petitioner's case was the District of Minnesota. Further, because court records showed that petitioner already had filed a motion under § 2255 and he could not a file a second one

---

[1] Petitioner originally named as respondent Ricardo Martinez, who was the warden of the Federal Correctional Institution in Oxford, Wisconsin at the time the petition was filed. The court of appeals substituted Carol Holinka, the prison's current warden, presumably pursuant to Fed. R. Civ. P. 25(d)(1).

1

without the permission of the Court of Appeals for the Eighth Circuit, I dismissed the petition rather than transferring it to the correct district.

On appeal, the Court of Appeals for the Seventh Circuit concluded that I erred in construing the petition under § 2255 rather than § 2241. It remanded the case to this court for consideration under the appropriate statute. Collins v. Holinka, 510 F.3d 666 (7th Cir. 2007).

The circumstances under which a prisoner may challenge his conviction under § 2241 are very few. Section 2255 is the sole avenue for such challenges, Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994), unless the prisoner can show that a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998). In this case, the court of appeals noted that it "seems likely [that] § 2255 offered [petitioner] one full and fair opportunity to contest his conviction," but it concluded that petitioner should be given a chance to prove otherwise. Collins, 510 F.3d at 668.

Accordingly, I will give petitioner an opportunity to show that he is entitled to relief under § 2241. Petitioner should know that his hurdle is a high one: "§ 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when . . . the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002).

2

ORDER

IT IS ORDERED that petitioner Bobby Marvin Collins may have until April 28, 2008, to show that 28 U.S.C. § 2255 did not provide an adequate or effective remedy to challenge his conviction. If petitioner does not respond by April 28, I will dismiss his petition for failing to show that he is in custody in violation of federal law.

Entered this 8th day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3